NORRIS McLAUGHLIN, P.A.
Margaret Raymond-Flood, Esq.
Richard J. Birch, Esq.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807
General 908-722-0700 Fax 908-722-0755
Direct: 908-252-4228
Email: mrflood@norris-law.com
*Attorneys for Defendant Kelitta Mosley-Massenat*
*(improperly pled as Kelitta Mosley)*

| | | |
|---|---|---|
| ALAN C. FROST, | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.: |
| vs. | : | |
| | : | ELECTRONICALLY FILED |
| KELITTA MOSLEY, VICTORIA L. | : | |
| KUHN, TERRY SCHUSTER, RUTGERS, | : | |
| DEP'T, CORRECTIONS | : | **NOTICE OF REMOVAL** |
| OMBUDSPERSON, JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Kelitta Mosley-Massenat ("Mosley" or the "Removing Defendant"), hereby removes this action, with full reservation of all defenses, which had been pending in the Superior Court of New Jersey, Law Division, Mercer County, Docket No. MER-L-138-25 (the "Subject Action"), to the United States District Court for the District of New Jersey, and states as follows:

1.    Complaint.  On or about January 10, 2025, Alan C. Frost ("Plaintiff"), filed a *pro se* Complaint against Mosley, Victoria L. Kuhn ("Kuhn"), Terry Schuster ("Schuster"), Rutgers, The State University of New Jersey ("Rutgers"), Department of Corrections ("DOC"), and Office of the Corrections Ombudsperson, asserting, *inter alia*, violations of the United States Constitution.  See Complaint at Counts I & II.  A copy of the Complaint is attached hereto as

Exhibit A.  On the same day, Plaintiff also filed an Affidavit of Indigency.  Attached hereto as **Exhibit B** is the Affidavit of Indigency.

2.      On January 22, 2025, the Court granted Plaintiff's request and entered an Order for Indigency.  Attached hereto as **Exhibit C** is the Court's Order for Indigency.

3.      Verified First Amended Complaint. On February 21, 2025, Plaintiff filed a Verified First Amended Complaint (the "Amended Complaint") against Kuhn, Mosley, Schuster, Rutgers, DOC, Office of the Corrections Ombudsperson and John Does 1-10, asserting violations of the United States Constitution.  See Complaint at Counts I to XVI.  More specifically, Plaintiff sets forth claims against the Removing Defendant for, *inter alia*, alleged violations of the Eighth Amendment.  See generally Amended Complaint at Count II.

4.      Basis for Jurisdiction in this Court.  This Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.      Consent.  Mosley is the Removing Defendant and consents to removal.  Rutgers was served on March 26, 2025 and consents to removal.  Upon information and belief and given that no Proof of Service has been filed for any of the remaining defendants, they have not yet been served.  The consent of defendants who have not been served or who have not been properly served is not required for removal.  28 U.S.C. § 1446(b)(2)(A).

6.      Notice Given.  The Removing Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County, and serve same as set forth in the Declaration of Service submitted herewith.  See 28 U.S.C. § 1446(d).

7.      <u>Removal is Timely</u>.  This Notice of Removal is signed pursuant to <u>Fed. R. Civ. P.</u> 11 and is timely filed within 30 days after February 28, 2025, the date the Removing Defendant received a copy of Plaintiff's Amended Complaint.  <u>See</u> 28 U.S.C. § 1446(b).

8.      <u>Pleadings and Process</u>.  As required by 28 U.S.C. § 1446(a), the Removing Defendant has attached as **Exhibit D** to this Notice of Removal "a copy of all process, pleadings, and orders served upon" it in the Subject Action.

9.      <u>Prerequisites</u>.  Removing Defendant has met the prerequisites for removal under 28 U.S.C. § 1441.

10.     <u>Venue</u>.  Removal to the United States District Court for the District of New Jersey is appropriate because the Subject Action is being removed from the Superior Court of New Jersey, Mercer County, which is located within the District of New Jersey.

11.     <u>Defenses</u>.  By removing the Subject Action to this Court, the Removing Defendant does not waive any defenses available to her.

12.     If any question arises as to the propriety of the removal of the Subject Action, the Removing Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, the Removing Defendant respectfully requests that this Notice of Removal be filed; that the Subject Action in the Superior Court of New Jersey, Mercer County, be removed to this District Court; and that no further proceedings be had in the Superior Court of New Jersey, Mercer County.

NORRIS McLAUGHLIN, PA
Attorneys for Defendant Kelitta Mosley-Massenat
(improperly pled as Kelitta Mosley)

By:   /s/ *Margaret Raymond -Flood*
              Margaret Raymond-Flood

Dated:  March 26, 2025

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding.


Dated:  March 26, 2025                    /s/ *Margaret Raymond-Flood*
                                          Margaret Raymond-Flood

# EXHIBIT A

Alan C. Frost
622026/97863B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

| | |
|---|---|
| Alan C. Frost,<br><br>**Plaintiff,**<br><br>-VS-<br><br>Kelitta Mosley, Victoria L. Kuhn,<br>Terry Schuster, Rutgers, Dep't,<br>Corrections Ombudsperson,<br><br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY**<br>**MERCER COUNTY – CIVIL PART**<br>**DOCKET NO:**<br><br><br><br>**CIVIL ACTION** |

## VERIFIED COMPLAINT

### JURISDICTION

1. This action is authorized by <u>N.J.S.A</u>. 10:5-13  and <u>N.J.S.A.</u>  10:6-1 to

10:6-2.

### VENUE

2. All relevant events transpired in Mercer County.

### PARTIES

3. Alan C. Frost ("Frost") is the plaintiff.

4. Defendant Kelitta Mosley ("Mosley") is a Registered Nurse at New Jersey State Prison ("NJSP"), 411 Cass Street in Trenton, NJ. She is sued in her personal capacity for compensatory and punitive damages and officially for injunction and declaratory judgment concerning  N.J.S.A 10:6-1 to 10:6-2.

5. Defendant Victoria L. Kuhn ("Kuhn") is the Commissioner of the Department of Corrections ("Dep't"), at Stuyvesant Ave and Whittlesey Road, in Trenton, NJ

6. Defendant Terry Schuster ("Schuster') is the Corrections Ombudsperson at 50 West State Street, Trenton, NJ.

7. Defendant Rutgers, the State University of New Jersey ("Rutgers"), located at 7 College Avenue, Winants Hall, Room 112, New Brunswick, NJ, is responsible for the medical needs of inmates.

8. Defendant Dep't  and its satellite facilities, are places of public accommodation within the meaning of N.J.S.A. 10:5-5(i), 10:5-12(f), and N.J.S.A. 2C:33-2(b).

9. Defendant Office of the Corrections Ombudsperson ("Corrections Ombudsperson") deals with and handles issues, problems, and concerns that inmates have against prison staff.

## FACTS

10. Beginning in October-November 2022, one of Frost's legs gave out. He started to walk with a limp. It took Rutgers three months to give Frost a cane, elevator pass, and wheelchair. He uses the cane around the housing unit. The wheelchair is for when he travels long distance, to other parts of the prison.

11. Since the pain has only become more excruciating, Rutgers scheduled Frost to go the Capital Health Hospital for a cortisone shot, and to follow up with gel injection as the next step. The gel injection is necessary because the cortisone shot wears off in a matter of two to three months.

12. When Frost went to Capital health Hospital for the gel injection, the leg that gave out on him was x-rayed. The Doctor noticed the gel injection would not alleviate the agony. He had Frost transported back to Capital Health Hospital for an MRI.

13. Around a week after the MRI, the Doctor from Capital Health Hospital informed Frost by telemed that he has a torn meniscus in his left knee, and was in need of surgery. On November 19, 2024, Frost was driven to Capital Health Hospital. Surgery was performed on him the next day.

14. Upon his discharge from Capital Health Hospital, and return to the prison on November 20, 2024, the Doctor in the Clinic assigned Frost to have a

wheelchair for ninety days, and ordered him to immediately commence physical therapy. On December 18, 2024, Mosley instructed Frost's wheelchair be taken.

15. On the same day Mosley took the wheelchair away, Frost's leg buckled and knee twisted. He fell hard to the floor to avoid hitting his head on the metal stool to a table in the dayroom of his housing unit. Frost was attempting to walk to the pantry window for his meal at the time of the tumble. An emergency medical code had to be called as a result of him being unable to get up.

16. From October-November 2022 to the present, it has been physically impractical for Frost to clean himself in the showers which lack benches and hand rails to assist his handicap. The Dep't, Kuhn, Schuster, and the Corrections Ombudsperson have decided to refrain from doing everything they can in their power to ensure that the showers are accessible to and usable by Frost.

17. Not only are the Dep't, Kuhn, Schuster, and the Corrections Ombudspersons declining to remove the architectural barriers, they are refusing to rectify the complaints he writes to them to that effect.

18. As the result of him being placed in situations that aggravate his injuries, Frost has difficulty standing and moving around. To get in and out the shower, he must climb over and hop down from a three-and-a-half-foot step while his knee is wobbling.

## COUNT I.

Pursuant to <u>N.J.S.A.</u> 10:5-4, <u>Viscik v. Fowler</u>, 173 <u>N.J.</u> 1, 19 (2002) and

<u>Turner v. Wong</u>, 363 <u>N.J. Super</u>. 186, 212-213 (App. Div. 2003), Paragraphs

10 through 18 constitute failure to reasonably accommodate.

## COUNT II.

Pursuant to the Eighth Amendment and <u>Estelle v. Gamble</u>, 429 <u>U.S.</u> 97,

104-105 (1976), the conduct of Mosley in the context of Paragraphs 14 and

15 constitutes refusing to carry out and ignoring a Doctor's orders.

## PRAYER FOR RELIEF

Frost seeks compensatory and punitive damages, injunction, declaratory judgment,

the cost of suit, and any other equitable remedy that this court deems appropriate.

## JURY DEMAND

Frost demands trial by jury on all of the triable issues of the complaint, pursuant to

Rules 1:8-2(b) and 4:35-1(a).

## RULE 1:4-4(b)CERTIFICATION

I certify that the factual statements made in paragraphs 10 through 18 are true and
correct. I am aware that if any of them is willfully false I am subject to
punishment.

Dated: December 28, 2024

*Alan C. Frost*

Alan C. Frost, pro se

# EXHIBIT B

**NOTICE**: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name Alan C. Frost #622026/978638

Address New Jersey State Prison, P.O. Box 861

Trenton, NJ 08625

Telephone Number _____

Email Address _____

Alan C. Frost _____,

_____

Plaintiff(s)/Appellant(s),

v.

Kelitta Mosley _____

_____,

Defendant(s)/Respondent(s).

| | |
|---|---|
| Superior _____ | Court of New Jersey |
| Mercer _____ | County (if applicable) |
| Docket Number: | _____ |

## Certification/Petition/Application in Support of a Fee Waiver

I/We, Alan C. Frost _____, am/are the
(■ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) in the above-captioned matter and I/we make this certification in support of my/our request for a filing fee waiver pursuant to *Rule* 1:13-2 or *Rule* 2:7-1.

1.  I/We am requesting this relief because I/we do not have sufficient funds or assets with which to pay the filing fees associated with this action.

2.  I/We, ☐ am/ ☐ am not/ ☐ are/ ☐ are not  an inmate in State prison or County Jail.*

> **\*Attachments necessary: If you are a state prison or county jail inmate, you must attach a certified copy of your prisoner's fund account statement from the appropriate correctional institution for the six months immediately preceding the date of this application. If you are requesting a waiver of the partial filing fee requirement set forth in *N.J.S.A.* 30:4-16.3, you must attach an affidavit of special circumstances.**

3.  I have been determined to be eligible for one or more of the following: (Check applicable boxes)

    ☐   Public Assistance (please provide your most recent award statement as proof of eligibility);
    ☐   Social Security Disability (please provide your most recent award statement as proof of eligibility)

4.  Below is an accurate and full disclosure of my financial situation. I financially support None dependents (not including myself). (A dependent is an individual who is a child or relative who resides in the home and relies you for more than half of his/her support for any given calendar year)

    **Attachments necessary:**
    **Provide two months of documentation for the following:**
    *   Welfare, Public Assistance, Unemployment, Disability, Social Security, Child Support/Alimony, other income.

    **Provide six months of bank statements for the following:**
    *   All bank accounts.

5.  I/we  ☐ am/ ■ am not/ ☐ are/ ☐ are not  claimed as a dependent on someone else's tax return

| Employer's Name, Address and Telephone Number: |
| --- |
| New Jersey State Prison<br>P.O. Box 861<br>Trenton, NJ 08625 |

**Complete the Following Information:**

| | | | |
| --- | --- | --- | --- |
| Net Monthly Income | $ | House(s)/Land Market Value | $ |
| Spousal/Cohabitant Contribution | $ | Value of All Motor Vehicles | $ |
| Unemployment/Disability | $ | Cash | $ |
| Social Security | $ | Current Balance Checking Accts. | $ |
| Veterans Administration | $ | Current Balance Savings Accts. | $ |
| Pension | $ | Civil Judgment Awards/Pending | $ |
| Public Subsidies | $ | Current Value of Stocks/Bonds | $ |
| Child Support/Alimony | $ | Face Value of CDs/IRAs/401Ks | $ |
| Housing Subsidies | $ | Money Market Accounts | $ |
| Trust Fund Income | $ | Retrievable Bail Amt. & Location | $ |
| Income from Rental Properties | $ | | |
| | | Other Assets | $ |
| **Total Monthly Income** | $ 150.00  0.00 | **Total Assets** | $ 2600.00  0.00 |

6.  I/We understand that I/we am/are under a continuing obligation to notify the court of a change in my financial situation

## Certification

I/We certify that the foregoing statements made by me/us are true.  I/We am/are aware that if any of the foregoing statements made by me/us are willfully false, I/we am/are subject to punishment.

I/We further certify that in accordance with Court *Rule* 1:38-7(b) all confidential personal identifiers have been redacted and that subsequent papers submitted to the court will not contain confidential personal identifiers.

12/28/2024
_____
Date

Alan C. Frost
_____
Print your name(s)

*Alan C. Frost*
_____
Signature(s)

# EXHIBIT C

**PREPARED BY THE COURT**

|  | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Alan Frost | MERCER COUNTY |
| vs. | Docket No. Mercer – L-138-25 |
| Kelitta Mosley | Civil Action |
|  | **ORDER FOR WAIVER OF FEES** |

**THIS MATTER** being opened to the Court by Alan Frost seeking a waiver of filing fees on the grounds of indigency; and the Court having reviewed the papers submitted in support of this application for a declaration of indigency and the waiver of filing fees pursuant to R. 1:13-2 or R. 2:7-1 and in conjunction with AOC Directive #03-17,

**IT IS** on this ____22nd____ day of ____January____ 2025, **ORDERED that the application is:**

____XX____ **GRANTED:** All fees related to the filing shall be waived. The applicant is responsible for any costs associated with the service and/or advertising/publishing of any complaint.  If applicant is awarded more than $2000 in this case, the applicant is responsible to repay any and all fees waived as determined by the court.

_____ **DENIED:**

_____ Failure to establish household income is below 150% of the federal poverty level and/or that applicant has no more than $2500 in liquid assets;

_____ Failure to produce most recent award statement of proof of eligibility for public assistance and/or social security disability;

_____ Failure to produce two (2) months of documentation for welfare, public assistance, unemployment, disability, social security, child support/alimony or other income; and/or failure to produce six (6) months of all bank account statements;

_____ The court finds that the complaint, application, motion, appeal, petition or other filing is frivolous or malicious or constitutes an abuse of process.

**IT IS FURTHER ORDERED** that the applicant shall serve a copy of this Order on all parties within seven (7) days from the date of this Order. This order expires one year after the final disposition of the case/judgment. If filed on appeal, the provisions of Rule 2:7-4 shall apply. Once the fee waiver has expired, the litigant is required to file another request for any further waiver of fees in this matter.

_____/s/ Douglas H. Hurd_____
HON.  DOUGLAS H. HURD, P.J. CV.

# EXHIBIT D

RECEIVED

FEB 21 2025

SUPERIOR COURT OF NJ
MERCER VICINAGE
CIVIL DIVISION

Alan C. Frost
622026/97863B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Civil Case Management Office
Mercer County Civil Courthouse
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650-0068

**Alan c. Frost v. Kelitta Mosley**
**Docket No: MER-L-138-25**

Dear Sir/Madam:

Enclosed is my Verified First Amended Complaints that I am permitted to submit as a matter of course before there is a response.

Kindly file same.

Sincerely,

*Alan C Frost*

Dated: February 10, 2025

Alan C. Frost, pro-se

Alan C. Frost
622026/97863B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

| | |
|---|---|
| Alan C. Frost,<br><br>       **Plaintiff,**<br><br>-VS-<br><br>Kelitta Mosley, Victoria L. Kuhn,<br>Terry Schuster, Rutgers, Dep't,<br>Corrections Ombudsperson,<br>John Does 1-10<br><br>       **Defendants.** | **SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY – CIVIL PART<br>DOCKET NO:**<br><br><br><br>**CIVIL ACTION** |

## VERIFIED FIRST AMENDED COMPLAINT

### JURISDICTION

1. This action is authorized by N.J.S.A. 10:5-13 and N.J.S.A. 10:6-1 to

10:6-2.

### VENUE

2. All relevant events transpired in Mercer County.

### PARTIES

3. Alan C. Frost ("Frost") is the plaintiff.

4. Defendant Kelitta Mosley ("Mosley") is a Registered Nurse at New Jersey

State Prison ("NJSP"), 411 Cass Street in Trenton, NJ. She and John Does 1-10 are

sued in their personal capacities for compensatory and punitive damages and officially for injunction and declaratory judgment concerning violation of Civil Rights.

5. Defendant Victoria L. Kuhn ("Kuhn") is the Commissioner of the Department of Corrections ("Dep't"), at Stuyvesant Ave and Whittlesey Road, in Trenton, NJ

6. Defendant Terry Schuster ("Schuster') is the Corrections Ombudsperson at 50 West State Street, Trenton, NJ.

7. Defendant Rutgers, the State University of New Jersey ("Rutgers"), located at 7 College Avenue, Winants Hall, Room 112, New Brunswick, NJ, is responsible for the medical needs of inmates.

8. Defendant Dep't  and its satellite facilities, are places of public accommodation within the meaning of N.J.S.A. 10:5-5(i), 10:5-12(f), and N.J.S.A. 2C:33-2(b).

9. Defendant Office of the Corrections Ombudsperson ("Corrections Ombudsperson") deals with and handles issues, problems, and concerns that inmates have against prison staff.

10.  Defendant John Does 1 to 10, currently unidentified, are individuals who are answerable to Frost for the acts and omissions set forth herein.

## FACTS

11. Beginning in October-November 2022, one of Frost's legs gave out. He started to walk with a limp. It took Rutgers three months to give Frost a cane, elevator pass, and wheelchair. He uses the cane around the housing unit. The wheelchair is for when he travels long distance, to other parts of the prison.

12. Since the pain has only become more excruciating, Rutgers scheduled Frost to go the Capital Health Hospital for a cortisone shot, and to follow up with gel injection as the next step. The gel injection is necessary because the cortisone shot wears off in a matter of two to three months.

13. When Frost went to Capital Health Hospital for the gel injection, the leg that gave out on him was x-rayed. The Doctor noticed the gel injection would not alleviate the agony. He had Frost transported back to Capital Health Hospital for an MRI.

14. Around a week after the MRI, the Doctor from Capital Health Hospital informed Frost by telemed that he has a torn meniscus in his left knee, and was in need of surgery. On November 19, 2024, Frost was driven to Capital Health Hospital. Surgery was performed on him the next day.

15. Upon his discharge from Capital Health Hospital, and return to the prison on November 20, 2024, the Doctor in the Clinic assigned Frost to have a wheelchair for ninety days, and ordered him to immediately commence physical

therapy. On December 18, 2024, Mosley instructed Frost's wheelchair be taken.

16. On the same day Mosley took the wheelchair away, Frost's leg buckled and knee twisted. He fell hard to the floor to avoid hitting his head on the metal stool to a table in the dayroom of his housing unit. Frost was attempting to walk to the pantry window for his meal at the time of the tumble. An emergency medical code had to be called as a result of him being unable to get up.

17. From October-November 2022 to the present, it has been physically impractical for Frost to clean himself in the showers which lack benches and hand rails to assist his handicap. The Dep't, Kuhn, Schuster, and the Corrections Ombudsperson have decided to refrain from doing everything they can in their power to ensure that the showers are accessible to and usable by Frost.

18. Not only are the Dep't, Kuhn, Schuster, and the Corrections Ombudspersons declining to remove the architectural barriers, they are refusing to rectify the complaints Frost writes to them to that effect. Frost is disabled, a member of a protected class, and is in need of their assistance.

19. What renders the entire ordeal unbearable is this. John Does 1-10, which include the Scheduler at the Dep't, knew but intentionally disregarded that a can, elevator pass, wheelchair, and referral to a specialist at Capital Health Hospital were immediately necessary to relieve Frost's agony. There was pointless and unnecessary suffering from them move at snail's pace.

20. As the result of him being placed in situations that aggravate his injuries, Frost has difficulty standing and moving around. To get in and out the shower, he must climb over and hop down from a three-and-a-half-foot step while his knee is wobbling.

## COUNT I.

Pursuant to N.J.S.A. 10:5-4, Viscik v. Fowler, 173 N.J. 1, 19 (2002) and Turner v. Wong, 363 N.J. Super. 186, 212-213 (App. Div. 2003), Paragraphs 11 through 20 constitute failure to reasonably accommodate.

## COUNT II.

Pursuant to the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97, 104-105 (1976), and Taylor v. Riojas, 141 S.Ct. 52, 54 (2020), the conduct of John Does 1-10 and Mosley in the context of Paragraphs 15, 16, and 19 constitutes the obvious cruelty inherent in consciously delaying access to medical care, consciously interfering with treatment, and consciously putting the health of Frost in peril.

## PRAYER FOR RELIEF

Frost seeks compensatory and punitive damages, injunction, declaratory judgment, the cost of suit, and any other equitable remedy that this court deems appropriate.

## JURY DEMAND

Frost demands trial by jury on all of the triable issues of the complaint, pursuant to

Rules 1:8-2(b) and 4:35-1(a).

## RULE 1:4-4(b)CERTIFICATION

I certify that the factual statements made in paragraphs 11 through 20 are true and correct. I am aware that if any of them is willfully false I am subject to punishment.

Dated: February 10, 2025

Alan C. Frost, pro se



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Alan C. Frost | ext. | Mercer |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| | MER-L-138-25 |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| New Jersey State Prison | Trenton | NJ | 08625 |

| Document Type | Jury Demand |
|---|---|
| Verified First Amended Complaint | ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Alan C. Frost | Alan c. Frost v. Kelitta Mosley |

Case Type Number (See page 3 for listing)  005, 618

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ■ No |
| Is this a professional malpractice case? | ☐ Yes | ■ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law
regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ☐ No |
|---|---|---|
| If "Yes," list docket numbers | | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ■ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ■ Unknown |
|---|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?   ■ Yes   ☐ No
 If "Yes," is that relationship:
  ☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business
  ☐ Other (explain) Custodian _____

Does the statute governing this case provide for payment of fees   ☐ Yes   ■ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition.

♿ Do you or your client need any disability accommodations?   ☐ Yes   ■ No
  If yes, please identify the requested accommodation:

 Will an interpreter be needed?   ☐ Yes   ■ No
  If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now
submitted to the court and will be redacted from all documents submitted in the future in
accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _*Alan L Frost*_