**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALAN C. FROST,<br><br>*Plaintiff*,<br><br>v.<br><br>KELITTA MOSLEY-MASSENAT, et al.,<br><br>*Defendants*. | No. 25-cv-2079 (MEF)(JRA)<br><br>**OPINION & ORDER** |

* * *

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

* * *

Start with the Plaintiff's state law claims against the New Jersey Department of Corrections. See Second Amended Complaint ¶¶ 6, 36-37, 40-41 (ECF 31); Reply at 1 (ECF 48) (clarifying what the claims are).

These cannot get off the ground. The reason: the Department of Corrections is immune from suit in federal court on these claims.[1] See Georges v. Godby, 2025 WL 892557, at *2 (3d Cir. Mar. 24, 2025); Heine v. Comm'r of Dep't of Cmty. Affs. of New

[1] The Plaintiff did not serve the Department before other defendants removed this case to federal court. See Notice of Removal, ¶ 5 (ECF 1). So while removal can waive state sovereign immunity, see Lombardo v. Pennsylvania, Dep't of Pub. Welfare, 540 F.3d 190, 198-200 (3d Cir. 2008), removal cannot have that impact here. The Department did not move this case to federal court --- and in doing so lose its ability to argue that it cannot be sued here. Rather, other parties moved the case here --- before the Department was part of the litigation.

Jersey, 2014 WL 4199203, at *5 (D.N.J. Aug. 22, 2014); see also Hillard v. New Jersey, No. 21-11632, 2025 WL 957402, at *7 (D.N.J. Mar. 31, 2025).

Accordingly, the Department of Corrections' motion to dismiss at ECF 42 and ECF 60 is granted in part. There is no jurisdiction in this Court over the state-law claims against the Department. This dismissal is without prejudice.

* * *

The Court must now screen the remainder of the operative complaint.[2] See 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e.

In doing so, a court must dismiss any claim that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

And to avoid dismissal, a complaint must "meet the pleading requirements" of Rule 8(a). See, e.g., Wright v. United States, 2023 WL 4540469, at *1 (3d Cir. July 14, 2023). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[3]

It must "identif[y] discrete defendants and [their] actions taken . . . in regard to the plaintiff's claims." Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (cleaned up).

Generally,[4] a complaint cannot allege that multiple defendants "collectively violated [his] rights, without clarifying what each [d]efendant did or failed to do, with respect to each claim." Yah'Torah v. Harden, 2026 WL 705486, at *2 (D.N.J. Mar.

---

[2] The second amended complaint. It seems to have been prepared without input from a lawyer. So it must be "construed liberally." Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023).

[3] "[P]art of why a complaint must be 'short and plain,'" is to ensure that it is "the culmination of thinking, not a scattershot first draft that has not yet been honed down." Rose v. Butterfly Network, Inc., 2025 WL 501427, at *5 (D.N.J. Feb. 13, 2025) (citing Thomas R. Lee, Pleading and Proof: The Economics of Legal Burdens, 1997 B.Y.U. L. Rev. 1, 6–7 (1997)).

[4] There are exceptions. See, e.g., Pereira v. Mehling, 2026 WL 3117701, at *17 n.53 (D.N.J. Oct. 16, 2026). But they are not relevant here.

13, 2026); Foulke v. Twp. of Cherry Hill, 2024 WL 3568841, at *7-8 (D.N.J. July 29, 2024) (collecting cases). That is "impermissible group pleading[]." Foulke, 2024 WL 3568841, at *7 (cleaned up).

Here, the complaint repeatedly alleges that multiple defendants acted together --- without meaningfully separating out the actions of one defendant from the next. See Second Amended Complaint ¶¶ 9, 11, 12, 16, 18-26, 30, 32-33, 35, 37-38, 41.

And at the start of each count, the complaint "repeats and incorporates by reference" every prior paragraph. See id. ¶¶ 28, 34, 36, 38, 40. This compounds the group pleading problem. Foulke, 2024 WL 3568841, at *8 (discussing).[5]

In light of the Plaintiff's extensive use of group pleading, the rest of the complaint --- the part that is not dismissed on sovereign immunity grounds --- fails to comply with Rule 8(a)(2). It must be dismissed. That dismissal is without prejudice.

* * *

Should the Plaintiff wish to file another amended complaint, he may do so, provided that the new complaint is filed on or before January 4, 2027. If no amended complaint is filed by then, this case will be closed.

* * *

In sum, the Department of Corrections' motion, ECF 42, at 7-11, ECF 60, is granted in part as to the state law claims, and the remainder of the motions to dismiss, ECF 32, 42, 59, 60 is denied as moot.

The Clerk of the Court shall mail a copy of this Opinion and Order to the Plaintiff by regular mail.

IT IS on this 29th day of October, 2026, **SO ORDERED.**

---

[5] One possible way to avoid group pleading concerns is to write a complaint that has a separate, free-standing section as to each defendant. And then, in a given section, to (i) list out only the factual allegations related to the defendant in question, plus (ii) only the legal claims against the defendant in question.

Michael E. Farbiarz, U.S.D.J.